DeARCY HALL, J.

**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ORENSTEIN, M.J.

| | | |
|---|---|---|
| SEAN M. MURRAY, | ) | Case No **CV 18-3932** |
| | ) | |
| Plaintiff, | ) | **VERIFIED COMPLAINT** |
| vs. | ) | |
| | ) | **(Jury Trial Demanded)** |
| GROSS POLOWY, LLC | ) | |
| | ) | |
| | ) | RECEIVED |
| Defendants. | ) | JUL 05 2018 |
| | ) | PRO SE |

## NATURE OF ACTION

1.    This is an action brought pursuant to the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692 et seq.

## JURISDICTION, VENUE, AND STANDING

2.    This Court has jurisdiction pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts

and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff is

domiciled in this district, and where Defendant transacts business in this district.

4.    "In determining whether an intangible harm constitutes injury in fact, both history

and the judgment of Congress play important roles." Spokeo, Inc. v. Robins, 136 S. Ct. 1540,

1549, 194 L. Ed. 2d 635 (2016), as revised (May 24, 2016). Congress is "well positioned to

identify intangible harms that meet minimum Article III requirements," thus "Congress may

'elevat[e] to the status of legally cognizable injuries concrete, de facto injuries that were

previously inadequate in law.'" Id. (quoting Lujan v. Defs of Wildlife, 504 U.S. 555, 578 (1992)).

     5.      "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws

and procedures for redressing these injuries are inadequate to protect consumers.'" Lane v.

Bayview Loan Servicing, LLC, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11,

2016) (quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the

FDCPA constitutes an injury in fact for Article III standing. See id. at *3 (holding that a

consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied

him the right to information due to him under the FDCPA"); see also Church v. Accretive Health,

Inc., No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's §

1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

     6.      "The Supreme Court has held time and again that the violation of a statutory right

to receive information one is entitled to receive creates a concrete injury sufficient to confer

standing on a plaintiff." Zia v. CitiMortgage, Inc., 210 F.Supp.3d 1334, 1343 (S.D. Fla. 2016).

     7.      "The FDCPA does create an informational right which did not exist prior to its

enactment, and that right is tied to the harm which a consumer may suffer if not provided with

that information. Consequently, the deprivation of that information is, in most cases, sufficient to

confer Article III standing. That was the law before Spokeo, and that law was not based on an

erroneous understanding of Article III like the one corrected by Spokeo, but by application of

well-settled principles of standing jurisprudence which Spokeo did not change (and, in fact, upon

which Spokeo relied)." Hagy v. Demers & Adams, LLC, No. 2:11-CV-530, 2017 WL 1134408, at *4 (S.D. Ohio Mar. 27, 2017).

8.    "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4 (emphasis in original).

## THE FAIR DEBT COLLECTION PRACTICES ACT

9.    Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

10.    "To recover damages under the FDCPA, a consumer does not need to show intentional conduct on the part of the debt collector. The Act is a strict liability statute, and the degree of a defendant's culpability may only be considered in computing damages." Ellis v. Solomon & Solomon, P.C., 591 F.3d 130, 135 (2d Cir. 2010) (internal quotation marks and citation omitted).

11.    "[T]he question of whether a communication complies with the FDCPA is determined from the perspective of the 'least sophisticated consumer.'" Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 90 (2d Cir. 2008) (quoting Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993)).

12.    "The purpose of the least-sophisticated-consumer standard, here as in other areas of consumer law, is to ensure that the statute protects the gullible as well as the shrewd." Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 90 (2d Cir. 2008).

13.     "In order to prevail, it is not necessary for a plaintiff to show that she herself was confused by the communication she received; it is sufficient for a plaintiff to demonstrate that the least sophisticated consumer would be confused." Jacobson v. Healthcare Fin. Servs., Inc., 516 F. 3d 85, 91 (2d Cir. 2008).

14.     The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. See 15 U.S.C. § 1692e. See Hamilton v. United Healthcare of Louisiana, Inc., 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

15.     19. "[A] collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate." Federal Home Loan Mortgage Corp. v. Lamar, 503 F.3d 504, 512 (6th Cir. 2007) (quoting Russell v. Equifax A.R.S., 74 F.3d 30, 35 (2d Cir. 1996)).

16.     A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice. See 15 U.S.C. § 1692g(a).

17.     Congress adopted "the debt validation provisions of section 1692g" to guarantee

that consumers would receive "adequate notice" of their rights under the FDCPA. Wilson v.

Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000) (citing Miller v. Payco–General Am.

Credits, Inc., 943 F.2d 482, 484 (4th Cir. 1991)).

18.     This validation requirement is a "significant feature" of the law that aimed to

"eliminate the recurring problem of debt collectors dunning the wrong person or attempting to

collect debts which the consumer has already paid." See Hernandez v. Williams, Zinman &

Parham PC, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

19.     "To satisfy § 1692g(a), the debt collector's notice must state the required

information 'clearly enough that the recipient is likely to understand it.'" Janetos v. Fulton

Friedman & Gullace, LLP, 825 F.3d 317, 321 (7th Cir. 2016) (quoting Chuway v. Nat'l Action

Fin. Servs., Inc., 362 F.3d 944, 948 (7th Cir. 2004); see also Bartlett v. Heibl, 128 F.3d 497, 500

(7th Cir. 1997) (debt collector may not defeat the Act's purpose by "making the required

disclosures in a form or within a context in which they are unlikely to be understood by the

unsophisticated debtors who are the particular objects of the statute's solicitude."); Russell v.

Equifax A.R.S., 74 F.3d 30, 35 (2d Cir. 1996) ("We recognize there are many cunning ways to

circumvent § 1692g under cover of technical compliance, but purported compliance with the

form of the statute should not be given sanction at the expense of the substance of the Act.")

(internal citation omitted).

20.     To ensure debt collectors' notices meaningfully convey consumers' rights under §

1692g, Congress has further declared that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." Id.

21.     If a consumer requests validation, "the debt collector shall cease collection of the debt . . . until the debt collector obtains verification" and mails such verification to the consumer. 15 U.S.C. § 1692g(b).

22.     "More importantly for present purposes, the notice must not be overshadowed or contradicted by accompanying messages from the debt collector." Caprio v. Healthcare Revenue Recovery Grp., LLC, 709 F.3d 142, 148-49 (3d Cir. 2013).

23.     The notice of a consumer's rights under § 1692g may be "overshadowed" by language within the validation letter itself. See Gostony v. Diem Corp., 320 F. Supp. 2d 932, 938 (D. Ariz. 2003) ("The juxtaposition of two inconsistent statements' renders the notice invalid under § 1692g.") (quotations removed).

24.     "Courts have recognized FDCPA claims where a defendant has provided notice that satisfies the letter, but not the spirit, of the FDCPA requirements." Williams v. Edelman, 408 F. Supp. 2d 1261, 1271 (S.D. Fla. 2005) (citing Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996)).

## PARTIES

25.     Plaintiff Sean M. Murray ("Plaintiff") is a natural person who at all relevant times was domiciled in Queens County, New York State.

26.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

27.     Defendant Gross Polowy, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

28.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

### FACTUAL ALLEGATIONS

29.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

30.     Plaintiff's obligation, or alleged obligation, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal residential mortgage (the "Debt").

31.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

32.     In connection with the collection of the Debt, Defendant sent Plaintiff written correspondence dated July 7, 2017, July 13, 2017, August 1, 2017 and August 2, 2017 ("letters").

33.     True and accurate copies of Defendant's letters are attached as Exhibit A, B, C, D.

34.     The letters were Defendant's second, third, fourth and fifth communication with Plaintiff with respect to the Debt.

35.     The letters contained the purported notices required by 15 U.S.C. § 1692g(a). Exhibits A-D.

36.     The second letter is signed by "John J. Ricciardi, Esq." Exhibit B.

37.     This letter, sent on behalf of Nationstar Mortgage LLC, had attached a copy of a Note bearing an endorsement on its face which names the lender as "HSBC MORTGAGE CORPORATION" along with a so-called Assignment of Mortgage ( the "Assignment") which purports to assign both Plaintiff's Mortgage and Note. Said Assignment is dated December 15, 2016–by NYC DEPARTMENT OF FINANCE, OFFICE OF THE CITY REGISTER. Exhibit B.

38.     The fourth letter is signed by "Steven Rosenfeld, Esq." Exhibit D.

39.     This letter contains a SUPREME COURT OF THE STATE OF NEW YORK AFFIDAVIT OF SERVICE BY MAIL naming SEAN MURRAY, ET AL as Defendants and is supplemented by a Mailing Matrix of Defendants. Exhibit D.

40.     Upon information and belief, no lawsuit had been filed against Plaintiff at the time of the August 2, 2017 letter.

41.     Upon information and belief, no summons had been served upon Plaintiff at the time of the August 2, 2017 letter.

42.     Upon information and belief, no complaint or other legal pleading existed for Plaintiff to respond to at the time of the letters.

43.     Upon receiving Defendant's letter, the least sophisticated consumer would believe a lawsuit had been filed against him and disregard his rights under the FDCPA.

44.     Further, had a lawsuit been filed against Plaintiff, Defendant would not legally be

allowed to "file papers in the suit according to the Court's rules and the Judge's instructions" were Plaintiff to timely submit a written dispute, until it obtained and mailed verification of the Debt to Plaintiff. See 15 U.S.C. § 1692g(b).

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e

45.    Plaintiff repeats and re-alleges each and every factual allegation above.

46.    Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692e;

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692g(b)

47.    Plaintiff repeats and re-alleges each factual allegation contained above.

48.    Defendant violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures

required pursuant to 15 U.S.C. § 1692g(a) et seq., during the thirty-day dispute period.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF 15 U.S. Code § 1692f

49.    Plaintiff repeats and re-alleges each and every factual allegation above.

50.    Defendant violated 15 U.S.C. § 1692f (1) by collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the debt or permitted by law.

51.    Defendant violated 15 U.S.C. , § 1692f (6)(A) by taking or threatening to take a nonjudicial action to effect dispossession or disablement of property without right to possession of the property claimed as collateral through an enforceable security interest.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just equitable and proper.

**TRIAL BY JURY**

52.    Plaintiff is entitled to and hereby demands a trial by jury.

## VERIFICATION

I, SEAN M. MURRAY, the Plaintiff in the above-entitled action, have read the foregoing Complaint and know the contents thereof. The same is true as to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of these papers or the contentions therein are not frivolous as defined in Subsection (c) of Section 130-1.1 of the Rules of the Chief Administrative Judge (22 NYCRR)

28 U.S. Code § 1746 (1) - Unsworn declarations under penalty of perjury
I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Exhibit A July 7, 2017 letter (4 pages)           Executed on Thursday, July 5, 2018.
Exhibit B July 13, 2017 letter (3 pages)
Exhibit C August 1, 2017 letter (4 pages)
Exhibit D August 2, 2017 letter (6 pages)         *SEAN M. MURRAY*

                                                   SEAN M. MURRAY Plaintiff Pro Se

**Uniform Certificate of Acknowledgment:**

State of New York )
                  ) ss
County of Queens )

On the 05 day of NY in the year 2018 before me, the undersigned, personally appeared Sean. M. Murray personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.   *Lina Atehortua*

LINA M ATEHORTUA
Notary Public, State of New York
No. 01AT6263977
Qualified in Queens County
Commission Expires June 25, 20 20
Signature and office of individual taking acknowledgment

# EXHIBIT A - July 7, 2017 letter



**Gross Polowy LLC**

1775 Wehrle Drive, Suite 100
Williamsville, New York 14221
Phone (716)204-1700
Fax (716)204-1702
http://www.GrossPolowy.com/

July 7, 2017

CERTIFIED MAIL--RETURN RECEIPT REQUESTED

Sean Murray
PO Box 1110
Albany, NY 12201-1110

REGULAR MAIL
Re:                          9916
Case Ref No:
Premises:        35-21 79TH STREET, UNIT 4E, JACKSON HEIGHTS, NY 11372

Dear Sean Murray:

This office is counsel to Nationstar Mortgage LLC in the above matter. Due to your failure to make payments due under the note, Nationstar Mortgage LLC has declared the above referenced loan in default and has authorized the sale by public auction of the security consisting of 439 shares of common stock in 35-21 79 St. Tenants Corp. and all rights title and interest in and to a proprietary lease between corporation and debtor for UNIT 4E in a building known as and by the street address 35-21 79TH STREET, UNIT 4E, JACKSON HEIGHTS, NY 11372 together with fixtures and articles of personal property now or hereafter affixed to or used in connection with UNIT 4E that it holds as collateral for the debt, the estimated value of which is $235,521.36.

Please take notice that the pursuant to section 9-610 [NYCLS] of the Uniform Commercial Code and the terms of the Security Agreement executed by you on March 20, 2008, the stock in the cooperative will be sold by auction at a public sale, on August 11, 2017 at an unspecified time at Queens County Courthouse in Courtroom # 25, 88-11 Sutphin Boulevard, Jamaica, New York by Victor Marino. A copy of the notice of sale is attached hereto. The terms of sale will be available at sale or from this office upon request.

If you wish to protect your interest in the collateral, you are urged to remit the full balance due before the scheduled sale date, and to promptly notify this office. The balance due as of this letter is:

| | |
|---|---|
| Principal | $168,282.10 |
| Interest at 5.875% from 08/01/2014 up to and including 08/11/2017 (1,106 days) | $29,927.10 |
| Deferred Late Fees | $520.65 |
| Escrow Advances | $6,982.19 |
| Deferred NSF Fees | $20.00 |
| Lender Paid Expenses | $29,789.32 |
| Total due as of the date of this notice | $235,521.36 |

In addition, you are responsible for all costs and disbursements permitted by law. Call this office for exact figures of the total amount due before remitting a certified check payable to GROSS POLOWY, LLC

If there is any deficiency due after the sale you will be liable for payment of that amount.

Despite this demand for payment, if any portion of this claim is disputed, you must notify us in writing, within 30 days, indicating the nature of the dispute as to the amount due or any part thereof. If we do not hear from you within 30 days, we will assume the debt to be valid as stated in this letter. If you indicate a dispute, we will provide you with the evidence concerning the validity of the debt. Upon your written request, and within the 30-day period, we shall provide you with the name and address of the original creditor if different from the current creditor. In addition, you are entitled to an accounting of the unpaid indebtedness.

If you have any questions, please contact this office.

Very truly yours,

GROSS POLOWY, LLC
Attorney for Nationstar Mortgage LLC

The law firm of Gross Polowy, LLC and the attorneys whom it employs are debt collectors who are attempting to collect a debt. Any information obtained by them will be used for that purpose.

PUBLIC AUCTION

NOTICE OF SALE OF COOPERATIVE APARTMENT SECURITY

BY VIRTUE OF DEFAULT in a security agreement executed on March 20, 2008, by SEAN
MURRAY, Debtor, and in accordance with its rights as holder of the Security,
NATIONSTAR MORTGAGE LLC, AS SUCCESSOR IN INTEREST TO HSBC
MORTGAGE CORPORATION, by Victor Marino, Auctioneer, DCA # 1005640 and/or
Donald Leung, Auctioneer, DCA # 1392572 and/or Melanie Pena, Auctioneer, DCA #
1470476 will conduct a public sale of the security consisting of 439 shares of common stock
in 35-21 79 St. Tenants Corp., and all rights title and interest in and to a proprietary lease
between said corporation and debtor for UNIT 4E in a building known as and by the street
address 35-21 79TH STREET, UNIT 4E, JACKSON HEIGHTS, N.Y. 11372, together with
fixtures and articles of personal property now or hereafter affixed to or used in connection
with said UNIT 4E on the 11th day of August, 2017 at 9:00 a.m. on the front steps of the
Queens County Supreme Court Building, 88-11 Sutphin Boulevard, Jamaica, N.Y., in
satisfaction of an indebtedness in the principal amount of $ 168,282.10 plus interest from
August 01, 2014 and costs, subject to open maintenance charges. The secured party reserves
the right to bid.  Ten percent (10%) deposit by bank or certified funds required at Auction,
payable to the attorneys for the secured party.  Closing within 30 days.  Such sale shall be
subject to the terms of sale.

GROSS POLOWY, LLC

1775 Wehrle Drive, Suite 100

Williamsville, N.Y. 14221

(716) 204-1700

ATTORNEYS FOR SECURED CREDITOR



CERTIFIED MAIL

7015 1520 0001 2897 0916

Sean Morrow
PO Box 111
Farmington, CT 06011-0111

i22013i110 B099

gross polowy LLC

1775 Wehrle Drive  Suite 100
Williamsville, New York 14221

# EXHIBIT B - July 13, 2017 letter



**Gross Polowy LLC**

1775 Wehrle Drive, Suite 100
Williamsville, New York 14221
Phone (716)204-1700
Fax (716)204-1702
http://www.GrossPolowy.com/

July 13, 2017

Mr. Sean Murry
P.O. Box 1110
Albany, NY 12201-1110

      Re:    Nationstar Mortgage LLC vs Sean Murry, et al.

Dear Mr. Murry:

I have received your letter of June 26, 2017, which requests validation of the debt you owe pursuant to the Fair Debt Collection Practices Act ("FDCPA"). Please be advised that our law firm represents Nationstar Mortgage LLC; in the current foreclosure matter.

Please find attached as requested, copies of the following documents, which verify your debt to Nationstar Mortgage LLC;

> ➤ An endorsed copy of the note dated March 20, 2008, in the amount of $195,600.00, and signed by Sean Murry;
> ➤ A loan Security Agreement dated March 20, 2008 in the amount of $195,600.00 signed by Sean Murry; and
> ➤ A copy of the UCC-3 assignment.

Please take note that the original creditor under the Note was HSBC Mortgage Corporation (USA) and the address for the original creditor is 2929 Walden Avenue, Depew, NY 14043.

          Very Truly Yours,

          John J. Ricciardi, Esq.
          Gross Polowy, LLC

Enc.

The law firm of Gross Polowy, LLC and the attorneys whom it employs are debt collectors who are attempting to collect a debt. Any information obtained by them will be used for that purpose.

## 10. UNIFORM SECURED NOTE

.This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Lender may require immediate payment in full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission. If Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred without Lender's prior written permission, Lender also may require immediate payment in full. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender requires immediate payment in full under this Section 18, Lender will give me a notice which states this requirement. The notice will give me at least 30 days to make the required payment. The 30-day period will begin on the date the notice is given to me in the manner required by Section 15 of this Security Instrument. If I do not make the required payment during that period, Lender may act to enforce its rights under this Security Instrument without giving me any further notice or demand for payment.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)    _____ (Seal)
SEAN MURRAY          -Borrower                                -Borrower

_____ (Seal)    _____ (Seal)
-Borrower                                -Borrower

_____ (Seal)    _____ (Seal)
-Borrower                                -Borrower

_____ (Seal)    _____ (Seal)
-Borrower                                -Borrower

Pay to the order of, without recourse

HSBC MORTGAGE CORPORATION (USA)

By: _____ Hilda Felix, V.P. Secondary Marketing

*[Sign Original Only]*

NY 3120

.-SN(NY) (0005)                Page 3 of 3                Form 3233 1/01

## UCC FINANCING STATEMENT **AMENDMENT ADDENDUM**
FOLLOW INSTRUCTIONS

| 11. INITIAL FINANCING STATEMENT FILE NUMBER: Same as Item 1a on Amendment form |
|---|
| **2008000085182  Filed 3/3/008** |

| 12. NAME OF PARTY AUTHORIZING THIS AMENDMENT: Same as Item 9 on Amendment form | |
|---|---|
| **12a. ORGANIZATION'S NAME** | |
| **HSBC BANK USA, N.A.** | |
| **OR** **12b. INDIVIDUAL'S SURNAME** | |
| FIRST PERSONAL NAME | |
| ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

13. Name of DEBTOR on related financing statement (Name of a current Debtor of record required for Indexing purposes only in some filing offices - see Instruction Item 13): Provide only **one** Debtor name (13a or 13b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); see Instructions if name does not fit

| 13a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| **OR** **13b. INDIVIDUAL'S SURNAME** | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| **Murray** | **Sean** | | |

14. ADDITIONAL SPACE FOR ITEM 8 (Collateral):

| 15. This FINANCING STATEMENT AMENDMENT: | 17. Description of real estate: |
|---|---|
| ☐ covers timber to be cut   ☐ covers as-extracted collateral   ☐ is filed as a fixture filing | **35-21 79th Street, Unit 4E** |
| 16. Name and address of a RECORD OWNER of real estate described in Item 17 (if Debtor does not have a record interest): | **Jackson Heights, NY 11372** |

| 18. MISCELLANEOUS: | | |
|---|---|---|
| **HSBC #:** ▮▮▮▮▮ | **PHH #:** ▮▮▮▮▮ | **Investor #:** ▮▮▮▮▮ |

International Association of Commercial Administrators (IACA)
FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT ADDENDUM (Form UCC3Ad) (Rev. 04/20/11)

# EXHIBIT C - August 1, 2017 letter



1775 Wehrle Drive, Suite 100
Williamsville, New York 14221
Phone (716)204-1700
Fax (716)204-1702
http://www.GrossPolowy.com/

August 1, 2017

CERTIFIED MAIL--RETURN RECEIPT REQUESTED

Sean Murray
PO Box 1110
Albany, NY 12201-1110

REGULAR MAIL
Re:            9916
Case Ref No:
Premises:      35-21 79TH STREET, UNIT 4E, JACKSON HEIGHTS, NY 11372

Dear Sean Murray:

This office is counsel to Nationstar Mortgage LLC in the above matter. Due to your failure to make payments due under the note, Nationstar Mortgage LLC has declared the above referenced loan in default and has authorized the sale by public auction of the security consisting of 439 shares of common stock in 35-21 79 St. Tenants Corp. and all rights title and interest in and to a proprietary lease between corporation and debtor for UNIT 4E in a building known as and by the street address 35-21 79TH STREET, UNIT 4E, JACKSON HEIGHTS, NY 11372 together with fixtures and articles of personal property now or hereafter affixed to or used in connection with UNIT 4E that it holds as collateral for the debt, the estimated value of which is $235,521.36.

Please take notice that the pursuant to section 9-610 [NYCLS] of the Uniform Commercial Code and the terms of the Security Agreement executed by you on March 20, 2008, the stock in the cooperative will be sold by auction at a public sale, on August 11, 2017 at 9:00am at Queens County Courthouse in Courtroom # 25, 88-11 Sutphin Boulevard, Jamaica, New York by Victor Marino. A copy of the notice of sale is attached hereto. The terms of sale will be available at sale or from this office upon request.

If you wish to protect your interest in the collateral, you are urged to remit the full balance due before the scheduled sale date, and to promptly notify this office. The balance due as of this letter is:

| | |
|---|---|
| Principal | $168,282.10 |
| Interest at 5.875% from 08/01/2014 up to and including 08/11/2017 (1,106 days) | $29,927.10 |
| Deferred Late Fees | $520.65 |
| Escrow Advances | $6,982.19 |
| Deferred NSF Fees | $20.00 |
| Lender Paid Expenses | $29,789.32 |
| Total due as of the date of this notice | $235,521.36 |

In addition, you are responsible for all costs and disbursements permitted by law. Call this office for exact figures of the total amount due before remitting a certified check payable to GROSS POLOWY, LLC.

If there is any deficiency due after the sale you will be liable for payment of that amount.

Despite this demand for payment, if any portion of this claim is disputed, you must notify us in writing, within 30 days, indicating the nature of the dispute as to the amount due or any part thereof.  If we do not hear from you within 30 days, we will assume the debt to be valid as stated in this letter. If you indicate a dispute, we will provide you with the evidence concerning the validity of the debt. Upon your written request, and within the 30-day period, we shall provide you with the name and address of the original creditor if different from the current creditor. In addition, you are entitled to an accounting of the unpaid indebtedness.

If you have any questions, please contact this office.

Very truly yours,

GROSS POLOWY, LLC
Attorney for Nationstar Mortgage LLC

The law firm of Gross Polowy, LLC and the attorneys whom it employs are debt collectors who are attempting to collect a debt. Any information obtained by them will be used for that purpose.

PUBLIC AUCTION

NOTICE OF SALE OF COOPERATIVE APARTMENT SECURITY

BY VIRTUE OF DEFAULT in a security agreement executed on March 20, 2008, by SEAN MURRAY, Debtor, and in accordance with its rights as holder of the Security, NATIONSTAR MORTGAGE LLC, AS SUCCESSOR IN INTEREST TO HSBC MORTGAGE CORPORATION, by Victor Marino, Auctioneer, DCA # 1005640 and/or Donald Leung, Auctioneer, DCA # 1392572 and/or Melanie Pena, Auctioneer, DCA # 1470476 will conduct a public sale of the security consisting of 439 shares of common stock in 35-21 79 St. Tenants Corp., and all rights title and interest in and to a proprietary lease between said corporation and debtor for UNIT 4E in a building known as and by the street address 35-21 79TH STREET, UNIT 4E, JACKSON HEIGHTS, N.Y. 11372, together with fixtures and articles of personal property now or hereafter affixed to or used in connection with said UNIT 4E on the 11th day of August, 2017 at 9:00 a.m. on the front steps of the Queens County Supreme Court Building, 88-11 Sutphin Boulevard, Jamaica, N.Y., in satisfaction of an indebtedness in the principal amount of $ 168,282.10 plus interest from August 01, 2014 and costs, subject to open maintenance charges. The secured party reserves the right to bid.  Ten percent (10%) deposit by bank or certified funds required at Auction, payable to the attorneys for the secured party.  Closing within 30 days.  Such sale shall be subject to the terms of sale.

GROSS POLOWY, LLC

1775 Wehrle Drive, Suite 100

Williamsville, N.Y. 14221

(716) 204-1700

ATTORNEYS FOR SECURED CREDITOR

**gross polowy** LLC

1775 Wehrle Drive, Suite 100
Williamsville, New York 14221

Sales

Sean McHenry
PO Box 1110
Albany, NY 12201-1110

KWS

12201#1110 B099

# EXHIBIT D - August 2, 2017 letter

**Gross Polowy**
**LLC**

1775 Wehrle Drive, Suite 100
Williamsville, New York 14221
Phone 716-204-1700
Fax 716-204-1702
www.GrossPolowy.com

August 2, 2017

Mr. Sean Murray
PO Box 1110
Albany, NY 12201

Dear Mr. Murray:

In response to your July 2017 CFPB complaint Gross Polowy, LLC replies as follows:

Gross Polowy is counsel for Nationstar Mortgage LLC ("Nationstar"). Nationstar is the servicer for the loan you took out on or about March 20, 2008, when you executed a Note in which you promised to pay $195,600.00. You also signed a Loan Security Agreement dated March 20, 2008. As collateral for the loan, you pledged 439 shares of common stock in 35-21 79 St. Tenants Corp. and all rights, interest and title in a proprietary lease for a co-op unit in a building known as 35-21 79th Street, Unit 4E, Jackson Heights, NY 11372.

You have defaulted on your loan payments and are due for the September 2014 payment. You have not disputed the default in payment of the debt, that you pledged the collateral as security for the debt, or the right of the creditor to sell the collateral as described in the Note or Security Agreement that you signed.

Gross Polowy was retained to sell the collateral at a secured party asset sale pursuant to Article 9 of the New York Uniform Commercial Code. The secured party asset sale remains scheduled for August 18, 2017 at 9:00 in Queens county New York, as referenced in the notice of sale sent to you on July 11, 2017, that was attached to your complaint to the CFPB, thus establishing you received proper notice of the sale and that the notice of sale is in compliant with New York law.

As seen in the March 20, 2008 security agreement under the section entitled "Security Interest" you agreed that:

"As Collateral Security for my debt to you under the Note, I give you a security interest in the stock and Proprietary Lease to my Cooperative Apartment, in all personal property now used in maintaining or operating the Cooperative Apartment, such as stove, refrigerator and air-conditioners, and all fixtures, which would normally go along with the Cooperative Apartment when it is sold, and in any additions to, substitutions for or replacement of the stock, the Proprietary Lease or such personal property and fixtures(the "Security") and in the proceeds from any sale or other transfer of all or any part of the Security."

In addition to the collateral given, the Loan Security Agreement further defines a failure to not make timely payments under the Note as a default, and as a consequence of a default, allows for the lender or its assignee to demand immediate payment of all unpaid amounts under the Note, and if such payment is not made within 30 days of a mailing of notice of the default, allows for the lender or its assignee to sell the security at public or private sale pursuant to the Uniform Commercial Code. Under the Loan



1775 Wehrle Drive, Suite 100
Williamsville, New York 1422?
Phone 716-204-1700
Fax 716-204-1702
www.GrossPolowy.com

Security Agreement's section entitled "Right to Assign", the lender is explicitly given the right to assign the Agreement and all of its rights to the security to another lending institution or person without the borrower's consent.

As seen in the attached Note and Loan Security Agreement, the original lender is HSBC Mortgage Corporation (USA). Attached hereto is a UCC-3 Financing Statement Amendment recorded December 15, 2016 in the Office of the City Register of the City of New York at City Register file No.: 2016000444774, which Statement assigns the interest in the collateral Loan Security Agreement to Nationstar Mortgage LLC. As a result of your default on the loan under the Note and Loan Security Agreement, as put forth above, the law office of Gross Polowy, LLC as Counsel, was retained by the assignee of the interest in the Note and Loan Security Agreement, Nationstar, to sell by public auction, the security consisting of 439 shares of common stock in 35-21 79 St. Tenants Corp. and all rights and interest and title in a proprietary lease between said corporation and Sean Murray as debtor for a co-op unit in a building known as 35-21 79th Street, Unit 4E, Jackson Heights, NY 11372.

Your July 2017 CFPB complaint, begins by referring to a prior complaint against the original lender HSBC, subsequent mortgage servicer PHH Mortgage Corporation and their counsel Fein Such & Crane LLP, dating from 2015 or perhaps earlier. While you attached various letters from the New York Attorney General's Office, correspondence from HSBC and Fein Such & Crane LLP, you did not attach all of the documents, including but not limited to, your original complaint. It appears there were other papers involved there too that were not included. It is improper for you to present an update to your original complaint and incorporate it here and assert it against Gross Polowy and Nationstar because neither were parties to that matter and were not privy to all of the information and proceedings from that matter.

In the 2015 matter, you claim that you did not hear from the "bank" or their counsel after receiving responses from the Office of the New York Attorney General. However, this is simply not true, as established by your own submissions, to wit: September 23, 2015 correspondence from the Office of the New York Attorney General pertinently stating that it would be forwarding a copy of the complaint to the company (HSBC) and October 19, 2015 and November 12, 2015 letters from HSBC. You also included September 23, 2015 correspondence from the Office of the New York Attorney General that referenced that Fein Such & Crane LLP responded to your complaint. However, you failed to submit that response here. Per the letter dated November 12, 2015 from the NY Attorney General, it took no action on your complaints and recommended you consult a private attorney if you found the explanation provided unresponsive or insufficient. You did not indicate whether you took any additional action at that time. Accordingly, the letters you provided establish that in 2015 you were provided a detailed response, and have provided no evidence that any prior wrongdoing was found.

More pertinent to your July 2017 CFPB complaint, you do not put forth any facts or allegations that would make the 2015 matter relevant to the pending secured party asset sale or any action taken by Nationstar or Gross Polowy LLC., and have not established how prior alleged wrongdoing has any relevancy to Nationstar and Gross Polowy, LLC.

In the alternative and addressing your July 21, 2017 letters as a new complaint, you do not assert any facts or law that indicates any wrong doing on the part of Gross Polowy, LLC. Your July 21, 2017 letter refers to a Gross Polowy letter post-marked June 13, 2017, which was a debt validation letter sent pursuant to the FDCPA, 15 U.S.C. 1692, et sec., that was in compliance with that law. You responded by a letter dated June 26, 2017 entitled: "WRITTEN NOTICE OF DISPUTE REQUEST FOR SUBSTANTIATION PROCEDURE AND ORIGINAL INFORMATION." This letter refers to the



**Gross Polowy** LLC

1775 Wehrle Drive, Suite 100
Williamsville, New York 1422
Phone 716-204-1700
Fax 716-204-1702
www.GrossPolowy.com

validation letter and was treated as a debt dispute under 15 U.S.C. 1692(b). In response, by letter dated July 13, 2017 Gross Polowy LLC as Counsel for Nationstar Mortgage LLC, provided you with the required information and validation of debt, and enclosed a copy of the signed Note and Loan Security Agreement dated March 20, 2008 and the UCC-3 assignment into Nationstar Mortgage LLC. Further provided was the address for the original creditor HSBC Mortgage Corporation (USA). This response complied with 15. U.S.C. 1692(b), and your conclusory unsupported allegations otherwise do not establish any wrongdoing or laws that were violated.

Your Notice of Grievance letter dated July 21, 2017 addressed to Elizabeth Rogers, Division of Economic Justice, Bureau of Consumer Fraud and Protection, State of New York Attorney General, contains unsubstantiated and non-specific allegations pertaining to negligence and unspecified closing documents, unspecified violations of Federal law and breach of contract. However, there is no substance or validity to the claims and allegations contained in that. To date Gross Polowy was not contacted by the NY Attorney General in response to your July 21, 2017 letter.

With regard to the pending secured party asset sale, the 90 day notice was sent in accordance with NY CLS UCC § 9-611 and all other required notifications were mailed in accordance with Article 9 of the UCC.

Your allegations otherwise, are conclusory, unsupported and wrong. Gross Polowy LLC has acted in accordance with all applicable laws and regulations.

Gross Polowy LLC strives to act in accordance with the highest ethical standards in the representation of its clients in accordance with the law.

Respectfully Yours,

Steven Rosenfeld, Esq.
Gross Polowy, LLC

CC:
Elizabeth Rogers
Division of Economic Justice
Bureau of Consumer Fraud and Protection
State of New York Attorney General

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
NATIONSTAR MORTGAGE LLC

                  Plaintiff,               **AFFIDAVIT OF SERVICE BY
MAIL**

vs

SEAN MURRY, ET AL                 MORTGAGED PREMISES:
                                    35-21 79TH STREET, UNIT 4E,
                                    JACKSON HEIGHTS, NY 11372

           Defendant(s).

                                    BL #: 1279 - 58
-------------------------------------------------------------------X

Kathleen A. Ward, being duly sworn, deposes and states as follows:

That deponent is an employee of Gross Polowy, LLC Attorney of record for the Plaintiff in the above captioned action. That deponent is not a party to this action. Deponent is over the age of 18 years.

That on July 17, 2017, deponent served a true copy of the Notice of Sale and supporting documentation on the Defendant(s) or the attorneys for the Defendants, whose names, representation and designated addresses appear below or as shown on the attached by depositing a true copy of the same, enclosed in a postpaid properly addressed wrapper, in an official postal depository at 1775 Wehrle Drive, Suite 100, Williamsville, NY under the care and custody of the United States Postal Service within the State of New York.

The foregoing statements are true, under penalty of perjury.

                                   Kathleen A. Ward
                                     Legal Assistant

Sworn to before me this 17th day of July, 2017.

Amanda M. Dispenza
Notary Public

AMANDA M. DISPENZA
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ERIE COUNTY
My Commission Expires December 28, 20_19_

NATIONSTAR MORTGAGE LLC

vs.

SEAN MURRY, ET AL.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant: SEAN MURRY
PO BOX 1110
ALBANY, NY 12201-1110

Defendant: SEAN MURRY
35-21 79TH STREET
UNIT 4E
JACKSON HEIGHTS, NY 11372

Defendant: 35-21 79 ST. TENANTS CORP.
350 FIFTH AVENUE
NEW YORK, NY 10118

Defendant: 35-21 79 ST. TENANTS CORP.
C/O NOVITT, SAHR & SNOW, LLP
118-35 QUEENS BLVD.
SUITE 1515
FOREST HILLS, NY 11375

Defendant: 35-21 79 ST. TENANTS CORP.
MIGUEL PEGUERO
35-21 79TH STREET
APT. 6B
JACKSON HEIGHTS, NY 11372

Defendant: 35-21 79 ST. TENANTS CORP.
JOHN B. LOVETT & ASSOCIATES
109-15 14TH AVE
COLLEGE POINT, NY 11356

Defendant: CONSUMER ENERGY GROUP, INC.
222 VARICK AVENUE
BROOKLYN, NY 11237

Defendant: DISCOVER BANK
2500 LAKE COOK ROAD
DEERFIELD, IL 60015

Defendant: NEW YORK CITY ENVIRONMENTAL CONTROL BOARD
100 CHURCH STREET
NEW YORK, NY 10007

Defendant: NEW YORK CITY PARKING VIOLATIONS BUREAU
100 CHURCH STREET
NEW YORK, NY 10007

Defendant: NEW YORK CITY TRANSIT ADJUDICIATION BUREAU
130 LIVINGSTON STREET
BROOKLYN, NY 11201

Defendant: OCCUPANT
35-21 79TH STREET
UNIT 4E
JACKSON HEIGHTS, NY 11372